UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID ROLAND NOLETTE,  )
                                )
       Petitioner,               )         3:07-cv-0022-KJD-RAM
                                )
vs.                                    )         **ORDER**
                                )
DON HELLING, *et al.*,           )
                                )
       Respondents.           )
_____/

        This action proceeds on a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by David Roland Nolette, a Nevada prisoner represented by counsel. Before the Court are respondents' motion to dismiss (Docket #7), petitioner's response in opposition (Docket #13), and respondents' reply (Docket #14).

**I.    Procedural History**

        On April 23, 2001, petitioner and co-defendant Scott Anthony Cannady were charged by information with the following: Count I, attempted murder; Count II, battery with a deadly weapon; Count III, robbery with the use of a deadly weapon; Count IV, battery with a deadly weapon, and Count V, conspiracy to commit robbery. (Exhibit 7).[1] Petitioner pled not guilty to the

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #8-12.

1 charges. (Exhibit 9). On May 24, 2002, petitioner moved to change his plea. (Exhibit 24). Petitioner pled guilty to Counts II, III, IV, and V of the information. (*Id.*). The court ordered the matter to proceed to trial on Count I. (*Id.*).

On May 28, 2002, jury trial commenced for petitioner and his co-defendant. (Exhibit 25). On June 3, 2002, the jury found petitioner not guilty on Count I and guilty on Counts II, III, and IV. (Exhibits 30 and 32). The court filed a judgment of acquittal as to Count I. (Exhibit 35).

On August 6, 2002, the court sentenced petitioner as follows: on Count II to 48-120 months; on Count III to 48-120 months to be served consecutive to Count II, with a like consecutive term of 48-120 months for the use of a deadly weapon; on Count IV to 24-120 months to be served consecutive to Count III; and on Count V to 12-72 months to be served concurrent to Count II, with restitution in the amount of $586,651.54. (Exhibit 40). The judgment of conviction was filed on August 6, 2002. (*Id.*).

Petitioner did not file a direct appeal to the Nevada Supreme Court.

On August 4, 2003, petitioner, though counsel, filed a post-conviction habeas petition in state district court. (Exhibit 43). On September 23, 2004, the court conducted an evidentiary hearing on the petition. (Exhibit 56). The court allowed the parties to supplement the petition. (*Id.*). Petitioner filed a supplemental brief in support of his petition. (Exhibit 57).

On December 9, 2004, the court informed the parties of its holding on the writ. (Exhibit 61). On December 28, 2004, the court filed its written order denying the petition. (Exhibit 62). Petitioner appealed the denial of his state habeas petition. (Exhibit 64). Petitioner filed a fast-track statement. (Exhibit 76). The Nevada Supreme Court ordered full briefing. (Exhibit 84). The parties filed opening, answering, and reply briefs. (Exhibits 86, 87, 88).

On April 26, 2006, the Nevada Supreme Court affirmed the denial of Nolette's state habeas petition. (Exhibit 91). Remittitur issued on May 23, 2006. (Exhibit 92). On January 11, 2007, petitioner, through counsel, filed a federal habeas petition in this Court. (Docket #1).

## II.   Discussion

In the motion to dismiss, respondents argue that the federal habeas petition is untimely.[2] The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ( C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

---

[2] The Court does not reach respondents' arguments that the claims in the petition are either unexhausted or procedurally barred, as application of the AEDPA's statute of limitations disposes of this action.

1          In the present case, petitioner's judgment of conviction was filed on August 6, 2002.
2   (Exhibit 40).  Petitioner had thirty days to file a notice of appeal, pursuant to Nevada Rules of
3   Appellate Procedure 4(b).  Petitioner did not file a notice of appeal.  Petitioner's conviction became
4   final on September 6, 2002, thirty days after the filing of the judgment of conviction.  The time
5   period from August 6, 2002, through September 6, 2002, is statutorily tolled.  The AEDPA one-year
6   statute of limitations began to run on September 6, 2002.  28 U.S.C. § 2244(d)(1)(A).
7          Once the thirty days lapsed in which petitioner could file a direct appeal to the
8   Nevada Supreme Court on September 6, 2002, petitioner did nothing until he filed his state habeas
9   petition on August 4, 2003.  (Exhibit 43).  This elapsed time of 331 days was not tolled by statute
10  because petitioner had no post-conviction or other collateral review pending with the state courts.  28
11  U.S.C. § 2244(d)(1),(2).
12         During time period from August 4, 2003, when petitioner filed his state habeas
13  petition, through May 23, 2006, when the Nevada Supreme issued its remittitur from the denial of
14  petitioner's appeal on his state habeas petition, the statute of limitations was tolled.  28 U.S.C. §
15  2244(d)(2).
16         Petitioner filed his federal habeas petition on January 11, 2007.  (Docket #1).  From
17  May 23, 2006, the date of the Nevada Supreme Court's issuance of remittitur, to January 11, 2007,
18  the date on which petitioner filed his federal habeas petition, 232 days elapsed.  The statute of
19  limitations was not tolled during this time period.  28 U.S.C. § 2244(d)(1),(2).
20         Adding together the two time periods during which the statute did not toll, a total of
21  563 days elapsed, making the federal habeas petition untimely by 198 days.  28 U.S.C. § 2244(d).
22         In his opposition, petitioner does not dispute the date that his conviction became final
23  and he does not challenge respondents' calculations of time periods.  Petitioner argues that he is
24  entitled to statutory tolling during the 331 days between the time his conviction became final on
25  September 6, 2002, and the filing of his state habeas petition on August 4, 2003.  Petitioner argues
26

that during this time period, his state action was "pending" within the meaning of 28 U.S.C. § 2244(d)(2). Petitioner's understanding of the AEDPA statute of limitations is misguided. There was no state habeas petition or collateral review proceeding "pending" after the time for petitioner to seek direct review expired until he filed his state habeas petition, 331 days later. This 331 days is not subject to tolling under the AEDPA. 28 U.S.C. § 2244(d). It is plain to this Court that petitioner's federal habeas petition was untimely filed.

Because the petition is untimely, this Court may only consider it if petitioner can demonstrate that extraordinary circumstances beyond his control made it impossible to file the petition on time. *See Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In the instant case, petitioner makes no argument that he is entitled to equitable tolling. Because the federal habeas petition was untimely filed, and petitioner is not entitled to equitable tolling, this action must be dismissed.

**III.    Certificate of Appealability**

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability. In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason;

5

that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination whether a certificate of appealability ("COA") issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under those circumstances "no appeal would be warranted." *Id.* Furthermore, the court may resolve either issue first when the answer to one issue is more apparent from the record and arguments. *Id.* at 485; *see Petrocelli v. Angelone,* 248 F.3d 877, 884 (9th Cir. 2001).

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims because those claims are barred by the AEDPA statute of limitations. Petitioner's habeas petition was filed late and petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to proceed further, and is not entitled to a Certificate of Appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #7) is **GRANTED.** The petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED: August 19, 2008.

_____
UNITED STATES DISTRICT JUDGE